UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KELLEY CUNNINGHAM and TAMMYE
CUNNINGHAM, Individually and on Behalf of
All Other Persons Similarly Situated,

                Plaintiffs,

     -against-

ELECTRONIC DATA SYSTEMS CORP. and
AMR CORP.
                Defendants.
------------------------------------------------------------X

JUDGE HOLWELL

**06 CV 3530**

COMPLAINT and
JURY DEMAND



## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.     Plaintiffs, Kelley Cunningham and Tammye Cunningham are adult individuals, residing in Arlington, Texas.

6.     a) Upon information and belief, Defendant Electronic Data Systems Corporation ("EDS") is a Delaware corporation, with its principal place of business at 5400 Legacy Dr., Plano, TX. EDS is in the business of providing technology services in all fifty states, including within this judicial district, as well as globally.

b) Upon information and belief, Defendant AMR Corporation ("AMR") is a Delaware corporation, with its principal place of business at 4333 Amon Carter Blvd., Fort Worth, TX. AMR is in the business of providing airline transportation services in all fifty states, including within this judicial district, as well as globally and owns and operates American Airlines ("AA") one of the largest airlines in the world.

## COLLECTIVE ACTION ALLEGATIONS

7.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time between May 9, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

8.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 10,000 members during the Collective Action Period, most of whom would not be likely to file

individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

9.   Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

10.  A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

11.  Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain true and accurate time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

f. the nature and extent of the Collective Action Members' injury and the appropriate measure of damages; and

g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

i. whether Defendants should be enjoined from such violations of the FLSA in the future.

12. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

13. a) At all relevant times, Defendant EDS operated one of the largest technology businesses in the world.

b) At all relevant times, Defendant AMR operated one of the largest airlines in the world.

14. a) From on or about March 2002 until on or about June 2005, Plaintiff Kelley Cunningham was employed by Defendant EDS in a technology staff support position and all of his work was carried out on the premises of Defendant AMR and at the control and direction of Defendant AMR.

b) From on or about June 2004 until on or about May 2005, Plaintiff Tammye Cunningham was employed by Defendant EDS in a technology staff support position and all of her work was carried out on the premises of Defendant AMR and at the control and direction of Defendant AMR.

c) From on or about June 2005 until on or about November 2005, Plaintiff, Kelley Cunningham was employed by Defendant, AMR in a technology staff support position.

15. Plaintiffs' work was performed in the normal course of the Defendants' businesses and was integrated into the businesses of the Defendants.

16. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or the exercise of independent judgment.

17. Plaintiffs often worked in excess of forty hours per week, yet the Defendants willfully failed to pay Plaintiffs and the Collective Action Members overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA.

18. Defendants employed Plaintiffs as stated above and throughout this time and, upon information and belief, both before that time (throughout the Collective Action Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

19. During the course of Plaintiffs' own employment, and while Defendants employed Plaintiffs and the Collective Action Members, the Defendants failed to maintain accurate and sufficient time records.

20. Throughout all relevant time periods, upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

21.  Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 20 as if they were set forth again herein.

22.  At all relevant times, Defendants have been and continues to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23.  At all relevant times, Defendants employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

24.  Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000 and in fact in excess of several billion dollars.

25.  Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

26.  At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per week.

27.  As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular

rate of pay for work performed in excess of forty hours per week, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

28. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

30. Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

    a.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents

to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 9, 2006

By: _____
     Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**