UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KELLEY CUNNINGHAM and TAMMYE        :
CUNNINGHAM, JOHN PATRICK CONFAR,    :
 MICHAEL SNYDER, GREGORY BROUSSEAU :
and  ROBERT SCHWAB Individually and    :
on Behalf of all Other Persons Similarly Situated,   :
                                                    :
                         Plaintiffs,         :         **AMENDED**
                                                    :         **COMPLAINT and**
                    -against-                 :         **JURY DEMAND**
                                                    :
ELECTRONIC DATA SYSTEMS          :
CORPORATION,                             :
                                                    :
                         Defendant.        :
-------------------------------------------------------------X

Plaintiffs KELLEY CUNNINGHAM and TAMMYE  CUNNINGHAM, JOHN

PATRICK CONFAR,  MICHAEL SNYDER, GREGORY BROUSSEAU and  ROBERT

SCHWAB ("Plaintiffs"), by counsel and on their own behalf and on behalf of all others similarly

situated, individually and as a Collective Action and Class Representative, for their Collective

Action and Class Complaint against Defendant ELECTRONIC DATA SYSTEMS

CORPORATION ("EDS"), allege, upon information and belief, except for the allegations

concerning Plaintiffs' own actions, as follows:

## NATURE OF THE ACTION

1.       Plaintiffs allege on behalf of themselves and other similarly situated current and

former employees who were, are or will be employed by EDS nationwide (the "Nationwide

Collective Action Plaintiffs"), with the primary duties of installing and/or maintaining computer

software and hardware, including but not limited to telephone lines, for EDS and/or EDS

customers or clients and who elect to opt into this action pursuant to the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 216(b), that they were misclassified by EDS as exempt from the overtime provisions of the FLSA and are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiff Gregory Brousseau (the "New York Named Plaintiff") also brings this action on behalf of all persons who were, are or will be employed by EDS in New York, with the primary duties of installing and/or maintaining computer software and hardware (the "New York Class") and with a job prefix of "3", at any time within six years prior to the filing of this Complaint through the date of final disposition of this action (the "New York Class Period"), and who were, are or will be improperly misclassified as exempt from overtime pay under the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations ("NYLL").

3.      Plaintiff Michael Snyder (the "Pennsylvania Named Plaintiff") also brings this action on behalf of all persons who were, are or will be employed by EDS in Pennsylvania, with the primary duties of installing and/or maintaining computer software and hardware (the "Pennsylvania Class") and with a job prefix of "3", at any time within three years prior to the filing of this Complaint through the date of final disposition of this action (the "Pennsylvania Class Period"), and who were, are or will be improperly misclassified as exempt from overtime pay under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 — 333.115 ("PMWA") and the Pennsylvania Department of Labor Regulations.

4.      Plaintiff Robert Schwab (the "Massachusetts Named Plaintiff") also brings this action on behalf of all persons who were, are or will be employed by EDS in Massachusetts, with the primary duties of installing and/or maintaining computer software and hardware (the

"Massachusetts Class") and with a job prefix of "3", at any time within three years prior to the filing of this Complaint through the date of final disposition of this action (the "Massachusetts Class Period"), and who were, are or will be improperly misclassified as exempt from overtime pay under the Massachusetts Payment of Wages Law, Ch. 149, §§ 148, *et. seq*.

5.      Plaintiff John Patrick Confab (the "Washington State Named Plaintiff") also brings this action on behalf of all persons who were, are or will be employed by EDS in Washington, with the primary duties of installing and/or maintaining computer software and hardware (the "Washington State Class") and with a job prefix of "3", at any time within three years prior to the filing of this Complaint through the date of final disposition of this action (the "Washington State Class Period"), and who were, are or will be improperly misclassified as exempt from overtime pay under the Wash. Rev. Code §§ 49.48.010 et seq. and Wash. Admin. Code §§ 296-126-092.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the Nationwide Collective Action Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

8.      Upon information and belief, at least one member of the proposed classes is a citizen of a state different from that of at least the Defendant.

9.      Plaintiffs' claims involve matters of national or interstate interest.

10.     Defendant is subject to personal jurisdiction in New York.

11.     This Court also has jurisdiction over Plaintiffs' class claims pursuant to 28 U.S.C. § 1367, since they are so related to their FLSA claim that it forms part of the same case or controversy.

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

13.     Plaintiffs, Kelley Cunningham and Tammye Cunningham are adult individuals, residing in Arlington, Texas.

14.     Plaintiff Gregory Brousseau, an adult residing in the state of New York, was employed by EDS from August 1998 to May 2008, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

15.     Plaintiff Michael Snyder, an adult residing in the state of Pennsylvania, was employed by EDS from August 2007 to December 2008, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

16.     Plaintiff Robert Schwab, an adult residing in the state of Massachusetts, was employed by EDS from December 2005 to April 2008, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

17.     Plaintiff John Patrick Confar, an adult residing in the state of Washington, was employed by EDS from March 1985 to April 2009, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

18.     Defendant Electronic Data Systems Corporation ("EDS") is a Delaware corporation, with its principal place of business at 5400 Legacy Dr., Plano, TX.  EDS is in the business of providing technology services in all fifty states.

4

## COLLECTIVE ACTION ALLEGATIONS

19.      Pursuant to 29 U.S.C. § 207, the Nationwide Collective Action Plaintiffs seek to prosecute their FLSA claims as a nationwide collective action on behalf of all persons who are or were formerly employed by Defendant throughout the United States, with the primary duties of installing and/or maintaining computer software and hardware, including but not limited to telephone lines, at any time since May 9, 2003 to the entry of judgment in this case (the "Collective Action Period") and who were not paid for hours that they actually worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20.      This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are hundreds of members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

21.      The Nationwide Collective Action Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  The Nationwide Collective Action Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

22.      A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore,

5

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

23.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to the Nationwide Collective Action Plaintiffs and other Collective Action Members are:

a.  whether the Defendant employed the Nationwide Collective Action members within the meaning of the FLSA;

b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.  whether Defendant violated  C.F.R. § 516.4 by failing to post or keep posted, a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area in which Plaintiffs and Collective Action Members are employed;

d.  whether Defendant failed to pay the Nationwide Collective Action Plaintiffs and the Collective Action Members for all hours which they worked and, whether they received proper overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e.   whether Defendant's violations of the FLSA were willful as that term is used

          within the FLSA; and

    f.   whether Defendant is liable for all damages claimed hereunder, including but

          not limited to compensatory, punitive and statutory damages, interest, costs

          and disbursements and attorneys' fees.

24.    The Nationwide Collective Action Plaintiffs know of no difficulty that will be

encountered in the management of this litigation that would preclude its maintenance as a

collective action.

## NEW YORK CLASS ALLEGATIONS

25.    The New York Named Plaintiff sues on his own behalf and on behalf of a class of

persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26.    The New York Named Plaintiff brings his claim on behalf of all persons who

were employed by Defendant in the State of New York, behalf of all persons who were, are or

will be employed by EDS in New York, with the primary duties of installing and/or maintaining

computer software and hardware and with a job prefix of "3", at any time within six years prior

to the filing of this Complaint through the date of final disposition of this action.

27.    The persons in the New York Class identified above are so numerous that joinder

of all members is impracticable.  Although the precise number of such persons is unknown, and

the facts on which the calculation of that number are presently within the sole control of the

Defendant, there are at least 100 members of Class during the New York Class Period.

28.    The claims of the New York Named Plaintiff are typical of the claims of the New

York Class and a class action is superior to other available methods for the fair and efficient

adjudication of the controversy -- particularly in the context of wage and hour litigation where

7

individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

29.     Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

30.     The New York Named Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

31.     The New York Named Plaintiff has the same interests in this matter as all other members of the New York Class and Plaintiff's claims are typical of the New York Class.

32.     There are questions of law and fact common to the New York Class which predominate over any questions solely affecting the individual members of the New York Class, including but not limited to:

     a.  whether the Defendant employed, either individually and/or jointly, the members of the New York Class within the meaning of the New York Labor Law;

     b.  what proof of hours worked is sufficient where an employer fail in their duty to maintain time records;

     c.  whether Defendant failed and/or refused to pay the members of the New York Class for all work performed by them, as well refusing to pay overtime premium for work performed  in excess of forty hours per workweek within the meaning of the New York Labor Law;

     d.  whether Defendant is liable for all damages claimed hereunder under New York law, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

e.   whether Defendant should be enjoined from such violations of the New York

Labor Law in the future.

## PENNSYLVANIA CLASS ALLEGATIONS

33.   The Pennsylvania Named Plaintiff sues on his own behalf and on behalf of a class

of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

34.   The Pennsylvania Named Plaintiff brings his claim on behalf of all persons who

were employed by Defendant in the Commonwealth of Pennsylvania, with the primary duties of

installing and/or maintaining computer software and hardware and with a job prefix of "3", at

any time within three years prior to the filing of this Complaint through the date of final

disposition of this action.

35.   The persons in the Pennsylvania Class identified above are so numerous that

joinder of all members is impracticable.  Although the precise number of such persons is

unknown, and the facts on which the calculation of that number are presently within the sole

control of the Defendant, there are at least 100 members of Class during the Pennsylvania Class

Period.

36.   The claims of the Pennsylvania Named Plaintiff are typical of the claims of the

Pennsylvania Class and a class action is superior to other available methods for the fair and

efficient adjudication of the controversy -- particularly in the context of wage and hour litigation

where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in

federal court against a defendant.

37.   Defendant has acted or refused to act on grounds generally applicable to the

Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Pennsylvania Class as a whole.

9

38.     The Pennsylvania Named Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

39.     The Pennsylvania Named Plaintiff has the same interests in this matter as all other members of the Pennsylvania Class and Plaintiff's claims are typical of the Class.

40.     There are questions of law and fact common to the Pennsylvania Class which predominate over any questions solely affecting the individual members of the Pennsylvania Class, including but not limited to:

    a.  whether the Defendant employed, either individually and/or jointly, the members of the Pennsylvania Class within the meaning of the PMWA and the Pennsylvania Department of Labor Regulations.;

    b.  what proof of hours worked is sufficient where an employer fail in their duty to maintain time records;

    c.  whether Defendant failed and/or refused to pay the members of the Pennsylvania Class for all work performed by them, as well refusing to pay overtime premium for work performed  in excess of forty hours per workweek within the meaning of the PMWA;

    d.  whether Defendant is liable for all damages claimed hereunder under Pennsylvania law, including but not limited to compensatory, interest, costs, liquidated damages and disbursements and attorneys' fees; and

    e.  whether Defendant should be enjoined from such violations of the PMWA in the future.

## MASSACHUSETTS CLASS ALLEGATIONS

41.     The Massachusetts Named Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

42.     The Massachusetts Named Plaintiff brings his claim on behalf of all persons who were employed by Defendant in the Commonwealth of Massachusetts, with the primary duties of installing and/or maintaining computer software and hardware and with a job prefix of "3", at any time within three years prior to the filing of this Complaint through the date of final disposition of this action.

43.     The persons in the Massachusetts Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, there are at least 100 members of Massachusetts Class during the Massachusetts Class Period.

44.     The claims of the Massachusetts Named Plaintiff are typical of the claims of the Massachusetts Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

45.     Defendant has acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Class as a whole.

46.     The Massachusetts Named Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

47.     The Massachusetts Named Plaintiff has the same interests in this matter as all other members of the Massachusetts Class and Plaintiff's claims are typical of the Class.

48.     There are questions of law and fact common to the Massachusetts Class which predominate over any questions solely affecting the individual members of the Massachusetts Class, including but not limited to:

    a.  whether the Defendant employed, either individually and/or jointly, the members of the Massachusetts Class within the meaning of the Massachusetts Payment of Wages Law;

    b.  what proof of hours worked is sufficient where an employer fail in their duty to maintain time records;

    c.  whether Defendant failed and/or refused to pay the members of the Massachusetts Class for all work performed by them, as well refusing to pay overtime premium for work performed in excess of forty hours per workweek within the meaning of the Massachusetts Payment of Wages Law;

    d.  whether Defendant is liable for all damages claimed hereunder under Massachusetts law, including but not limited to compensatory, interest, costs, liquidated damages and disbursements and attorneys' fees; and

    e.  whether Defendant should be enjoined from such violations of the Massachusetts Payment of Wages Law in the future.

## WASHINGTON STATE CLASS ALLEGATIONS

49.     The Washington State Named Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50.     The Washington State Named Plaintiff brings his claim on behalf of all persons who were employed by Defendant in the State of Washington, with the primary duties of installing and/or maintaining computer software and hardware and with a job prefix of "3", at any time within three years prior to the filing of this Complaint through the date of final disposition of this action.

51.     The persons in the Washington State Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, there are at least 100 members of Washington Class during the Massachusetts Class Period.

52.     The claims of the Washington State Named Plaintiff are typical of the claims of the Washington State Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

53.     Defendant has acted or refused to act on grounds generally applicable to the Washington State Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Washington State Class as a whole.

54.     The Washington State Named Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

55.     The Washington State Named Plaintiff has the same interests in this matter as all other members of the Washington State Class and his claims are typical of the Washington State Class.

56.     There are questions of law and fact common to the Washington State Class which predominate over any questions solely affecting the individual members of the Washington State Class, including but not limited to:

a.  whether the Defendant employed, either individually and/or jointly, the members of the Washington State Class within the meaning of the Wash. Rev. Code §§ 49.48.010 et seq. and Wash. Admin. Code §§ 296-126-092;

b.  what proof of hours worked is sufficient where an employer fail in their duty to maintain time records;

c.  whether Defendant failed and/or refused to pay the members of the Washington State Class for all work performed by them, as well refusing to pay overtime premium for work performed  in excess of forty hours per workweek within the meaning of the Wash. Rev. Code §§ 49.48.010 et seq. and Wash. Admin. Code §§ 296-126-092;

d.  whether Defendant is liable for all damages claimed hereunder under Washington State law, including but not limited to compensatory, interest, costs, liquidated damages and disbursements and attorneys' fees; and

e.  whether Defendant should be enjoined from such violations of the Wash. Rev. Code §§ 49.48.010 et seq. and Wash. Admin. Code §§ 296-126-092 in the future.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

57.     The Nationwide Collective Action Plaintiffs, on behalf of themselves and all Nationwide Collective Action Members, realleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

58.     The Nationwide Collective Action Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

60.     At all relevant times, Defendant has employed, and/or continues to employ, the Nationwide Collective Action Plaintiffs and each of the Nationwide Collective Action Members within the meaning of the FLSA.

61.     At all relevant times, Defendant suffered or permitted the Nationwide Collective Action Plaintiffs and the Nationwide Collective Action Members to work.

62.     At all relevant times, the Defendant had a policy and practice of refusing to pay premium overtime compensation to its employees having the primary duties of installing and/or maintaining computer software and hardware, including but not limited to telephone lines, for the hours they worked in excess of forty hours per workweek as well as compensation for all hours worked by them.

63.     As a result of the Defendant's willful failure to compensate its employees having the primary duties of installing and/or maintaining computer software and hardware, including but not limited to telephone lines throughout the country, including Plaintiffs and the Nationwide

15

Collective Action Members for all of the hours worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.     As a result of the Defendant's failure to record, report, credit and/or compensate Plaintiffs and the Nationwide Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

66.     Due to the Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Nationwide Collective Action members, are entitled to recover from the Defendant their unpaid wages as well as overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

67.     The New York Named Plaintiff, on behalf of himself and the members of the New York Class, reallege and incorporate by reference paragraphs 1 through 55 as if they were set forth again herein.

68.     At all relevant times, the New York Named Plaintiff and the members of the New York Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

69.     Defendant willfully violated the New York Named Plaintiff's rights and the rights of the New York Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

70.     Defendant's New York Labor Law violations have caused the New York Named Plaintiff and the New York Class irreparable harm for which there is no adequate remedy at law.

71.     Due to Defendant's New York Labor Law violations, the New York Named Plaintiff and the New York Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).  The New York Named Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

**THIRD CLAIM FOR RELIEF:**
**PENNSYLVANIA MINIMUM WAGE ACT**

72.     The Pennsylvania Named Plaintiff, on behalf of himself and the members of the Pennsylvania Class, reallege and incorporate by reference paragraphs 1 through 55 as if they were set forth again herein.

73.     At all relevant times, the Pennsylvania Named Plaintiff and the members of the Pennsylvania Class were employed by Defendant within the meaning of 43 PA. Stats, §§ 333.101, *et seq.* and 34 Pa. Admin. Code, §§ 231.1 *et seq.*

74.     Defendant willfully violated the Pennsylvania Named Plaintiff's rights and the rights of the Pennsylvania Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the 43 Pa. Stats. § 260.9a(b) and 43 Pa. Stats. § 333.113 and its regulations.

75.     Defendant's PMWA violations have caused the Pennsylvania Named Plaintiff and the Pennsylvania Class irreparable harm for which there is no adequate remedy at law.

76.      Due to Defendant's PMWA violations, the Pennsylvania Plaintiff and the Pennsylvania Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, reasonable attorneys' fees, liquidated damages and costs and disbursements of the action, pursuant to PMWA.

**FOURTH CLAIM FOR RELIEF:**
**MASSACHUSETTS MINIMUM FAIR WAGES LAW AND**
**MASSACHUSETTS PAYMENT OF WAGES LAW**

77.     The Massachusetts Named Plaintiff, on behalf of himself and the members of the Massachusetts Class, reallege and incorporate by reference paragraphs 1 through 55 as if they were set forth again herein.

78.     At all relevant times, Defendant has been and continues to be, an employer within the meaning of Mass. Gen. Laws. ch. 151, §§ 1, *et seq.* and ch. 149, §§ 148, *et seq.* At all

relevant times, Defendant has employed and continues to employ the Massachusetts Named Plaintiff and members of the Massachusetts Class within the meaning of Mass. Gen. Laws ch. 151, §§1, *et seq*. and ch. 149, §§ 148, *et seq*.

79.     The Massachusetts Minimum Fair Wages Law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  The Massachusetts Named Plaintiff and the members of the Massachusetts Class are not exempt from overtime pay requirements under Massachusetts law and are entitled to paid overtime compensation for all hours over forty (40) that they worked in a workweek.

80.     At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime compensation to the Massachusetts Named Plaintiff and to members of the Massachusetts Class.

81.     Under Massachusetts Payment of Wages Law, Mass. Gen. Laws ch. 149, § 148, Defendant is obligated to pay its employees who are discharged all wages owed on the day of discharge.  By failing to pay all overtime wages as alleged herein, Defendant has violated the rights of the Massachusetts Named Plaintiff and the members of the Massachusetts Class to full and timely payment under the law.

82.     By failing to pay all overtime compensation when due, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime according to law and by failing to pay all wages when due to the Massachusetts Named Plaintiff and to the Massachusetts Class, Defendant willfully, knowingly and/or recklessly violated Massachusetts wage and hour laws, which require overtime compensation be paid to non-exempt employees such as the members of the Massachusetts class.

19

83.     As a result of Defendant's failure to record, report, credit and furnish to the Massachusetts Named Plaintiff and members of the Massachusetts Class their respective wage and hour records showing all wages earned and due for all work performed, Defendant has failed to make, keep preserve and furnish such records in violation of Mass. Gen. Laws ch. 151, § 15 and ch. 149, § 148.

84.     The Massachusetts Named Plaintiff and the Massachusetts Class seeks damages in the amount of their unpaid wages earned and due at a rate not less than one and one-half their regular rate of pay for work performed in excess of forty (40) hours in a workweek, and seek a total of three times this full amount, as provided by Mass. Gen. Laws ch. 151, § 1B, and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CLAIM FOR RELIEF:**
**WASHINGTON MINIMUM WAGE ACT, WASH. REV. CODE §§ 49.46.005, et seq.;**
**WASH. REV. CODE §§ 49.48.010, et seq.; WASH. REV. CODE §§ 49.52.010, et seq.;**
**WASH. ADMIN. <u>CODE §§ 296-126-001, et seq.</u>**

85.     The Washington State Named Plaintiff, on behalf of himself and the members of the Massachusetts Class, reallege and incorporate by reference paragraphs 1 through 55 as if they were set forth again herein.

86.     At all relevant times, Defendant has been and continues to be, an employer within the meaning of Wash. Rev. Code. §§ 49.46.005, *et seq*.; Wash. Rev. Code. § 49.48.010 and Wash. Admin. Code. §§ 296-126-001. At all relevant times, Defendant has employed and continues to employ the Washington State Named Plaintiff and members of the Washington State Class within the meaning of Wash. Rev. Code. §§ 49.46.005, *et seq*.; Wash. Rev. Code. § 49.48.010 and Wash. Admin. Code. §§ 296-126-001.

20

87.     The Washington Minimum Wage Act requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  The Washington State Named Plaintiff and the members of the Washington State Class are not exempt from overtime pay requirements under Massachusetts law and are entitled to paid overtime compensation for all hours over forty (40) that they worked in a workweek.

88.     At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime compensation to the Washington State Named Plaintiff and to members of the Washington State Class.

89.     Under the Washington Minimum Wage Act, Wash. Rev. Code § 49.48.010, Defendant is obligated to pay employees who quit, resign or who are discharged, all wages owed no later than the next regular payday.  Section 49.52.070 provides that if an employer willfully fails to pay an employee all wages, the employer must pay a penalty equal to twice the unpaid wages and the employee is entitled to attorneys' fees and costs.

90.     By failing to pay all overtime compensation when due, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime according to law and by failing to pay all wages when due to the Washington State Named Plaintiff and the Washington State Class, Defendant willfully, knowingly and/or recklessly violated Washington wage and hour laws, which require overtime compensation be paid to non-exempt employees such as the Washington State Named Plaintiff and to members of the Washington State Class.

91.     As a result of Defendant's failure to record, report, credit and furnish to the Washington State Named Plaintiff and members of the Washington State Class, their respective wage and hour records showing all wages earned and due for all work performed, Defendant has

failed to make, keep preserve and furnish such records in violation of Wash. Rev. Code §
49.46.070 and Wash. Admin. Code §§ 296-126-050(1).

92.     The Washington State Plaintiff and the members of the Washington State  Class
seeks damages in the amount of their unpaid wages earned and due at a rate not less than one and
one-half their regular rate of pay for work performed in excess of forty (40) hours in a
workweek, as provided by Wash. Rev. Code § 49.46.090(1), and an equal additional amount as
exemplary damages as provided by Wash. Rev. Code § 49.52.070, and such other legal and
equitable relief as conduct as the Court deems just and proper.

93.     The Washington State Named Plaintiff and the Washington State Class seek
recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by
Wash. Rev. Code. §§ 49.46.090(1), 49.48.030 and 49.52.070.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all members of the proposed Classes,
respectfully requests that this Court grant the following relief:

a.      Designation of this action as a nationwide collective action on behalf of the

Nationwide Collective Action Members and prompt issuance of notice pursuant to

29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class,

apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29

U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the

Collective Action members;

b.      Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the New York Class and appointing the New York Named Plaintiff and his counsel to represent the New York Class;

c.      Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Pennsylvania Class and appointing the Pennsylvania Named Plaintiff and his counsel to represent the Pennsylvania Class;

d.      Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Massachusetts Class and appointing the Massachusetts Named Plaintiff and his counsel to represent the Massachusetts Class;

e.      Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Washington State Class and appointing the Washington State Named Plaintiff and his counsel to represent the Washington State Class;

f.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL,  PMWA, , the Massachusetts Minimum Fair Wages Law,  the Massachusetts Payment of Wages Law and the Washington Minimum Wage Act;

g.      An award of unpaid overtime compensation due under the FLSA, NYLL, PMWA, , the Massachusetts Minimum Fair Wages Law,  the Massachusetts Payment of Wages Law and the Washington Minimum Wage Act;

h.      An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation under the FLSA, PMWA, the Massachusetts Minimum Fair Wages Law, the Massachusetts Payment of Wages Law and the Washington Minimum Wage Act ;

i.      An award of prejudgment and postjudgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:   Rye Brook, New York
        May 29, 2009


By: _____
       Fran L. Rudich

Seth R. Lesser
Jeffrey A. Klafter
Fran L. Rudich
Jeffrey A. Klafter
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

Cary S. McGehee*
Beth M. Rivers*
Maureen M. Crane*

24

PITT, MCGEHEE, PALMER, RIVERS &
GOLDEN, PC
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

Bradley I. Berger
Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFFS**

*Pro Hac Motions to be submitted